M. D. GONDER *et ux., Appellants,* v. Z. R. CARTER *et ux.,*
*Appellees.*

No. 17,034.

HEADNOTE BY THE REPORTER.

SPECIFIC PERFORMANCE—*Discretion of Trial Court.* In an action
for specific performance, held that the right to special find-
ings was waived because they were not requested in time, that
in the absence of such findings no distinct question of law is
presented, and that it can not be said that the trial court
abused its discretion in refusing a decree.

Appeal from McPherson district court. Opinion
filed May 6, 1911. Affirmed.

*R. R. Vermlion, Earle W. Evans,* and *W. F. Lilles-*
*ton,* for the appellants.

*J. M. Grattan,* and *G. F. Grattan,* for the appellees.

*Per Curiam:* This is an appeal from a judgment
rendered in a somewhat involved suit for specific per-
formance. The controlling testimony was given orally
and portions of it are conflicting. No findings of fact
or conclusions of law were separately stated. Conse-
quently this court can not tell what the views of the trial
court were respecting either the law or the evidence.
The plaintiff waived his right to special findings by
making his request for them too late, and the result is
that a consideration of the real merits of his case on
appeal was in practical effect waived. If the district
court, even at some inconvenience, could have complied
with the request it would have greatly aided this court
in reviewing the proceedings.

It seems probable that specific performance was de-
nied because an early consummation of the contract
was contemplated, which became impossible. While
there was no agreement to exchange deeds at once and
while the contract did not stipulate that time was of its

essence, still, in specific performance, the court may inquire into the situation and avowed objects and purposes of the parties, and if they should show that time was in fact an important element of the transaction it may control the decree. Evidence of this kind does not impeach or modify the contract. It merely informs the conscience of the court.

After the time had gone by for the defendants to obtain the benefit which moved them to agree to trade they notified the plaintiffs that the deal was off. Another month elapsed before the plaintiffs were in a position to make a tender. Consequently the court had fair ground for holding that the equities were with the defendants. The evidence in support of this view of the case is not very strong, but it is sufficient to warrant an exercise of that discretion which all equity courts possess in suits for specific performance. At least this court is unable to say, from the abstract presented, that the district court abused its discretion.

Assuming that the court held the same view that the plaintiffs take of other matters discussed in the brief the judgment must be affirmed, and it is so ordered.